(25 Misc. Rep. 638.)

## In re LYMAN.

(Supreme Court, Special Term, Onondaga County. December, 1898.)

INTOXICATING LIQUORS—ILLEGAL SALE.

   One violates his tax certificate authorizing sale of liquor, no part of it to be drunk "on the premises, * * * or in any outbuilding, yard, or booth or garden appertaining thereto, or connected therewith," where he sells liquor to be drunk on his piazza, his premises consisting of a two-story building, the upper story projecting beyond the lower, thus roofing and inclosing the piazza on the front, which adjoined and led to the lower story, where was his place of business, though such piazza was on state land, and, while being the usual, if not the only, means of approach to his place of business, was sometimes, by his license, and without compensation, used by others as a place of temporary deposit of tools or goods.

Petition by Henry H. Lyman, state commissioner of excise, for an order revoking and canceling liquor tax certificate No. 31,357, issued to Jacob Dieffenbacker. Granted.

Mead & Stranahan, for petitioner.
E. La Grange Smith, for defendant.

HISCOCK, J. The following facts are undisputed: The defendant took out, and at the time of the occurrences hereinafter mentioned held, a liquor tax certificate which authorized him to traffic "in liquors in quantities less than five wine gallons, no part of which shall be drunk on the premises where sold, or in any outbuilding, yard, or booth or garden appertaining thereto or connected therewith." His premises consisted of a 2½-story frame building situate adjacent to the towpath of the canal. The upper story projected beyond the lower one, thus roofing and inclosing a piazza upon the front, which adjoined and led to the lower one. In this lower one was defendant's store and place of business, wherein he had a bar. This piazza was sometimes used by state authorities or others as a place of temporary deposit of tools or goods, but it was the usual, if not only, means of approach to defendant's place of business. Upon one or more of the occasions in question, agents of the excise department stepped up to defendant's bar, and asked for and received glasses of whisky, which they were told to and did step out upon the piazza and drink, then returning to the bar and paying therefor. This course of business had, it is stated in defendant's brief, been commonly pursued by him for two years. In addition to these facts, it is claimed by defendant that this piazza was, in whole or part, upon state land, and by the petitioner that some of the liquor was drunk at the bar, and not upon the piazza. I propose to consider the case upon the latter point, however, in the aspect most favorable to the defendant. He urges that the piazza was not part of his premises, and was not any "outbuilding, yard, booth, or garden appertaining thereto or connected therewith." This contention, however, seems to call for altogether too narrow a construction of the statute. No reasoning can make it much plainer than the mere statement of the facts does that this piazza was connected with, and used as, and was a part of, defendant's premises. If it was upon the state land, removal thereof could perhaps be en-

forced; but until that was done, and certainly as against everybody except the state, proceeding in a lawful manner, it was within the possession of, and under the control of, defendant. The fact that by his license, and without compensation, others were occasionally permitted to use it, was not sufficient to destroy this proprietorship. The prayer of the petition is therefore granted, with costs.

Petition granted, with costs.